**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| TIFFANIE KASHMIR PADAN,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>KILOLO KIJAKAZI,[1]<br>Acting Commissioner of Social Security,<br><br>　　　　　　　　Defendant. | Case No. 3:20-cv-00532-CLB<br><br>**ORDER DENYING MOTION TO REMAND AND GRANTING CROSS-MOTION TO AFFIRM**<br><br>[ECF Nos. 23, 24] |

This case involves the judicial review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Tiffanie Kashmir Padan's ("Padan") application for disability insurance benefits and supplemental security income pursuant to Titles II and XVI of the Social Security Act. Currently pending before the Court is Padan's motion for reversal and remand. (ECF No. 23.) The Commissioner filed a response and cross-motion to affirm, (ECF Nos. 24, 25)[2], and Padan filed a reply, (ECF No. 27). Having reviewed the pleadings, transcripts, and the Administrative Record ("AR"), (ECF No. 17), the Court concludes that the Commissioner's finding that Padan could perform other work that exists in significant numbers in the national economy was supported by substantial evidence. Therefore, the Court denies Padan's motion for remand, (ECF No. 23), and grants the Commissioner's cross-motion to affirm, (ECF No. 24).

///

///

///

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

[2] ECF Nos. 24 and 25 are identical documents.

I.    STANDARDS OF REVIEW

    A.    Judicial Standard of Review

This court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The court must affirm an Administrative Law Judge's ("ALJ") determination if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *see also* 42 U.S.C. § 405(g) ("findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence is more than a mere scintilla but less than a preponderance." *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (internal quotation marks and citation omitted). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005).

To determine whether substantial evidence exists, the court must look at the administrative record as a whole, weighing both the evidence that supports and undermines the ALJ's decision. *Orteza v. Shalala*, 50 F.3d 748, 749 (9th Cir. 1995) (citation omitted). Under the substantial evidence test, a court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

"However, if evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld." *Orteza,* 50 F.3d at 749 (citation omitted). The ALJ alone is responsible for determining credibility and for resolving ambiguities. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).

It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if substantial evidence supports the Commissioner's decision. The ALJ's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. *See Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

### B.  Standards Applicable to Disability Evaluation Process

The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of their claim for disability. *See* 20 C.F.R. § 404.1514. If the individual establishes an inability to perform their prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998).

The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(b), 416.920(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities, usually for pay or profit. 20 C.F.R. §§ 404.1572(a)-(b), 416.972(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to

the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits the individual from performing basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. §§ 404.1521, 416.921; Social Security Rulings ("SSRs") 85-28 and 96-3p. If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. If the individual's impairment or combination of impairments meets or equals the criteria of a listing and meets the duration requirement (20 C.F.R. §§ 404.1509, 416.909), then a finding of disabled is made. 20 C.F.R. §§ 404.1520(h), 416.920(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Prior to considering step four, the ALJ must first determine the individual's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). The RFC is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. SSR 96-8p. In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. §§ 404.1529 and 416.929; SSRs 96-4p, 96-7p. To the extent that objective medical evidence does not substantiate statements about the

intensity, persistence, or functionally-limiting effects of pain or other symptoms, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. §§ 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

After making the RFC determination, the ALJ must then turn to step four to determine whether the individual has the RFC to perform their past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). Past relevant work means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965. If the individual has the RFC to perform their past work, then a finding of not disabled is made. If the individual is unable to perform any past relevant work or does not have any past relevant work, then the analysis proceeds to the fifth and final step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering their RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g). If the individual is able to do other work, then a finding of not disabled is made. Although the individual generally continues to bear the burden of proving disability at this step, a limited evidentiary burden shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Lockwood v. Comm'r, Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

## II.    CASE BACKGROUND

### A.    Procedural History

Padan applied for disability insurance benefits ("DIB") and supplemental security income ("SSI") on February 3, 2017 and February 8, 2017, respectively, with an alleged disability onset date of April 25, 2016. (AR 219-226.) Padan's application was denied

initially on June 15, 2017, and upon reconsideration on October 11, 2017. (AR 126-30, 136-42.) Padan subsequently requested an administrative hearing and on June 28, 2019, Padan and a non-attorney representative appeared at a hearing before an ALJ. (AR 42-65, 191-92.) A vocational expert ("VE") also appeared at the hearing via telephone. (*Id.*) The ALJ issued a written decision on July 29, 2019, finding that Padan was not disabled because she could perform other work that exists in significant numbers in the national economy. (AR 23-35.) Padan appealed, and the Appeals Council denied review. (AR 7-11.) Accordingly, the ALJ's decision became the final decision of the Commissioner. Having exhausted all administrative remedies, Padan filed a complaint for judicial review on September 18, 2020. (*See* ECF Nos. 1-1, 6.)

### B. ALJ's Decision

In the written decision, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. (AR 23-35.) Ultimately, the ALJ disagreed that Padan has been disabled from April 25, 2016, the alleged onset date, through the date of his decision. (AR 34-35.) The ALJ held that, based on Padan's RFC, age, education, and work experience, Padan could perform other work that exists in significant numbers in the national economy. (AR 33-34.)

In making this determination, the ALJ started at step one. Here, the ALJ found Padan had not engaged in substantial gainful activity since the alleged onset date of April 25, 2016. (AR 25.) At step two, the ALJ found Padan had the following severe impairments: degenerative disc disease of the lumbar spine, obesity, diabetes, depression, and anxiety. (AR 26.) At step three, the ALJ found Padan did not have an impairment or combination of impairments that either met or medically equaled the severity of those impairments listed in 20 C.F.R. Part 404, Subpart P, Appx. 1; 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926. (AR 26-28.)

Next, the ALJ determined Padan has the RFC to perform light work as defined by 20 C.F.R. §§ 404.1567(b) and 416.967(b) except:

> she can stand and walk a maximum of 6 hours in an 8-hour work day; sit for

a maximum of 6 hours in an 8-hour work day; occasionally climb stairs and ramps; and never climb ladders, ropes, and scaffolds. She can perform unlimited balancing and frequently stoop, kneel, crouch, and crawl. She must avoid concentrated exposure to moving mechanical parts and unprotected heights. She can have occasional interaction with the general public, frequent interaction with supervisors and coworkers, and can never perform fast-paced production work (such as working on an assembly line).

(AR 28.)

The ALJ found Padan's medically determinable impairments could reasonably be expected to cause the symptoms alleged; however, Padan's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. (AR 29.) In reaching this conclusion, the ALJ reviewed and discussed the objective medical evidence, medical opinions, and factors weighing against Padan's credibility. (AR 28-33.) The ALJ then determined that Padan is not capable of performing past relevant work, as a telephone solicitor, as actually or generally performed. (AR 33.)

Relying on the testimony of the VE, the ALJ determined that Padan's age, education, work experience, and RFC would allow her to perform other occupations existing in significant numbers in the national economy, such as: laundry worker, cafeteria attendant, or office helper. (AR 33-34.) Accordingly, the ALJ held that Padan had not been under a disability since the alleged onset date of April 25, 2016, through the date of the decision, and denied Padan's claim. (AR 34-35.)

**III.    ISSUE**

Padan seeks judicial review of the Commissioner's final decision denying DIB and SSI under Titles II and XVI of the Social Security Act. (ECF No. 23.) Padan raises a single issue for this Court's review: whether the ALJ properly evaluated the opinion of treating physician Kristen M. Marshall, M.D. (*Id.* at 12-16.)

///

///

///

///

## IV. DISCUSSION

### A. The ALJ articulated specific and legitimate reasons for rejecting Dr. Marshall's treating opinion.

Padan argues the ALJ impermissibly rejected the opinion of Padan's treating physician, Dr. Kristen Marshall. (*See* ECF No. 23.) Specifically, Padan argues: (1) the ALJ did not properly consider this opinion evidence because he referred to Dr. Marshall as a registered nurse and not a doctor; (2) the ALJ mistakenly described the opinion as limiting Padan to "less than the full range of light work," versus "less than sedentary work"; and (3) Dr. Marshall's opinion was supported and consistent with the medical record (*Id.* at 12-16).

Within the administrative record, an ALJ may encounter medical opinions from three types of physicians: treating, examining, and non-examining. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009). For claims filed before March 27, 2017, each type is accorded different weight. 20 C.F.R. §§ 404.1527, 416.927. Generally, more weight is given to the opinion of a treating source than the opinion of a doctor who did not treat the claimant. *See Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). Medical opinions and conclusions of treating physicians are accorded special weight because these physicians are in a unique position to know claimants as individuals, and because the continuity of their dealings with claimants enhances their ability to assess the claimants' problems. *See Embrey v. Bowen*, 849 F.2d 418, 421–22 (9th Cir. 1988); *see also Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) ("A treating physician's opinion is entitled to 'substantial weight.'").

To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record; and (2) clinical findings support the opinions. The ALJ must provide "specific and legitimate reasons" for discounting a contradicted treating physician's opinion. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020); *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). The ALJ can "meet this burden by setting out a detailed and thorough

summary of the facts and the conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). "[A]n [ALJ] may disregard medical opinion that is brief, conclusory, and inadequately supported by clinical findings." *Britton v. Colvin*, 787 F.3d 1011, 1012 (9th Cir. 2015) (per curiam).

Because Dr. Marshall's opinions regarding Padan's RFC were contradicted by other physicians, the ALJ could reject the opinions by giving "specific and legitimate reasons" for doing so. *Bayliss*, 427 F.3d at 1216. In determining Padan's RFC and assessing Dr. Marshall's opinion, the ALJ stated he:

> accords little weight to the opinion of treating provider, Kirsten Marshall, RN, who opined the claimant was limited to less than the full range of light work, with additional postural, absenteeism, and mental limitations (22F). This opinion was rendered with a checklist form and is poorly supported with no references to objective findings that support the extent of the limitations given (*id.*). The opinion is also inconsistent with the significant normal examination findings showing normal mobility, motility, and neurological signs (2F/3, 10; 4F/2; 14F/3; 18F/43).

(AR 32.) Additionally, the ALJ noted other objective medical evidence and subjective testimony in the record that contradicted Dr. Marshall's opinion. (AR 28-33.) Specifically, the ALJ found that Padan's alleged disabling symptoms were not consistent with the longitudinal medical evidence and despite allegations of physical limitations she had only regular and benign medical treatment, her subjective complaints were not supported by objective findings, and her daily activities (such as driving, doing laundry, handling personal care, and shopping) did not support her alleged symptoms. (*Id.*)

Padan first argues that because the ALJ "mischaracterized Dr. Marshall as an RN" this "shows he did not properly consider the opinion evidence." (ECF No. 23 at 14.) Padan additionally notes that the ALJ "does not identify Dr. Marshall anywhere else in the decision, which means the ALJ did not at any point consider Dr. Marshall to be a treating physician." (*Id.*) This argument is unavailing. Although the ALJ apparently mistakenly referred to Dr. Marshall as an "RN" he also specifically referred to "the opinion of treating provider" and further considered the factors in 20 C.F.R. § 404.1527(c) in his analysis. If

the ALJ had considered Dr. Marshall to be a registered nurse, she would not have been able to provide a medical opinion based on regulations. *See generally* 20 C.F.R. §§ 404.1502(a), 404.1527 (defining "medical opinions" to be "statements from an acceptable medical source . . ."); 20 C.F.R. §§ 404.1502(a)(1)–(a)(6) (for cases filed before March 27, 2017, acceptable medical sources were licensed <u>physicians</u>, psychologists, optometrists, podiatrists, qualified speech-language pathologists, and audiologists) (emphasis added).

Padan next argues the ALJ "mischaracterized" Dr. Marshall's opinion as limiting her to "less than the full range of light work," but Padan claims Dr. Marshall "actually opined limitations that are less then sedentary work." (ECF No. 23 at 14-15.) Padan focuses on Dr. Marshall's opinion that Padan could sit/stand/walk for about 2 hours total in a workday. (*See id*; ECF No. 27 at 2.)

20 C.F.R. § 404.1567(a) defines sedentary work as involving:

> lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

SSR 83-10 further explains "at the sedentary level of exertion, periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday." SSR 83-10, 1983 WL 31251, at *5.

20 C.F.R. § 404.1567(b) defines light work as involving:

> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

SSR 83-10 also explains "the full range of light work requires standing or walking, off and

on, for a total of approximately 6 hours of an 8-hour workday." SSR 83-10, 1983 WL 31251, at *6 (emphasis added). A "full range of work" is further defined in SSR 83-10 as "[a]ll or substantially all occupations existing at an exertional level." *Id.* at *6.

Dr. Marshall opined that Padan could sit and stand/walk for "about 2 hours" in a workday and could lift/carry up to 10 lbs. frequently and 20 lbs. occasionally. (AR 976-977.) Dr. Marshall's assessment that Padan could sit and stand/walk for about two hours are consistent with a sub-set of what the full range of light work requires. SSR 83-10, 1983 WL 31251, at *6 ("the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday" and "[s]itting may occur intermittently during the remaining time"). These sit/stand/walk restrictions coupled with the lift/carry restrictions are consistent with a finding of "less than the full range of light work" under the applicable regulations.

Finally, Padan argues that Dr. Marshall's opinion was supported and consistent with the medical record. (ECF No. 23 at 15.) However, the ALJ explicitly identified and summarized objective medical evidence that contradicted Dr. Marshall's opinion, such as that Padan consistently had normal range of motion, muscle tone, coordination, sensation, 5/5 (full) muscle strength, and reflexes, but also that she consistently had normal gait; she had normal range of motion in the spine, at times, without tenderness to palpation; and she had other negative straight leg raise tests. (AR 30, citing AR 367, 370, 420, 694.) Further, Dr. Marshall's opinion was on a checklist form, which was "poorly supported with no references to objective findings that support the extent of the limitations given." (AR 32.) "While an opinion cannot be rejected merely for being expressed as answers to a check-the-box questionnaire," an ALJ "may permissibly reject check-off reports that do not contain any explanation of the bases of their conclusions." *Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020) (citation omitted). Thus, the ALJ permissibly discounted Dr. Marshall's opinion because it was inconsistent with the objective findings in the record. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and

inadequately supported by clinical findings."); see also 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4).

Therefore, for all the reasons discussed above, this Court concludes the ALJ gave specific and legitimate reasons for affording little weight to Dr. Marshall's opinion. Accordingly, the Court finds and concludes that the ALJ's decision is supported by substantial evidence.

**V.     CONCLUSION**

Having reviewed the Administrative Record as a whole and weighing the evidence that supports and detracts from the Commissioner's conclusion, the Court finds the ALJ's decision was supported by substantial evidence.

Accordingly, **IT IS THEREFORE ORDERED** that Padan's motion to remand (ECF No. 23) is **DENIED**, and the Commissioner's cross-motion to affirm (ECF No. 24) is **GRANTED**;

**IT IS FURTHER ORDERED** that the Clerk **ENTER JUDGMENT** and **CLOSE THIS CASE**.

DATED: March 7, 2022

_____
**UNITED STATES MAGISTRATE JUDGE**